## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA<br><br>Plaintiff,<br><br>v.<br><br>CERTAIN UNDERWRITERS AT LLOYDS LONDON SUBSCRIBING TO POLICY NO. 1900598 and NEWLINE SYNDICATE 1218 at LLOYD'S,<br><br>Defendant. | Case No.<br><br>COMPLAINT FOR DECLARATORY RELIEF |

### COMPLAINT FOR DECLARATORY RELIEF

Plaintiff, Travelers Property Casualty Company of America ("Travelers"), by and through its undersigned counsel, as and for its Complaint against Defendant, Certain Underwriters at Lloyds London Subscribing to Policy No. 1900598 and Newline Syndicate 1218 at Lloyd's (Collectively referred to as "Lloyds"), alleges upon information and belief as follows:

### Nature of the Action

1. In this action, Travelers seeks a declaration that Lloyds was and is obligated to defend and indemnify Mahwah BP, LLC ("Mahwah") in connection with a lawsuit entitled *Constanza Gallegos vs. Mahwah BP LLC; J&B RVR Realty Assoc.; Acupac; Mahwah Business Park; et al.*, brought in Bergen County Superior Court, Docket No.: BER-L-444-22 (the "Underlying Action"), as an additional insured under the policy of insurance issued by Lloyds to Acupac a/k/a Acupac Packaging Inc. ("Acupac") on a primary, non-contributory basis.

### Parties

2. At all times relevant hereto, Travelers was and is a corporation organized and existing under the laws of the State of Connecticut, with its principal place of business in Hartford,

1

Connecticut.

3. Upon information and belief, and at all times relevant hereto, Lloyds is a London, United Kingdom entity and/or unincorporated association under British law authorized to conduct business in the State of New Jersey with a principal place of business in New York, New York.

4. Upon information and belief, at all times relevant hereto, Syndicate 1218 is an England, United Kingdom entity and/or unincorporated association under British law authorized to conduct business in the State of New Jersey as a "non-admitted" and/or "surplus lines" insurer.

5. Upon information and belief, Newline Corporate Name Limited ("Newline"), a company incorporated in England, United Kingdom, is the sole member of Syndicate 1218.

6. Syndicate 1218 has specifically availed itself of the benefits of transacting business in New Jersey by, among other things, selling insurance policies in New Jersey or covering insureds and risks located in New Jersey, and the cause of action here arises from or relates to such policies.

## Jurisdiction and Venue

7. This Court has subject matter jurisdiction due to diversity of citizenship and amounts in controversy in excess of $75,000, exclusive of interests and costs, pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 2201.

8. Specifically, Travelers has sustained damages in the amount of $117,690.56, which is comprised of both expense and indemnity payments.

9. Venue is proper in this Court, pursuant to 28 U.S.C. § 1391(b), in that a substantial part of the events giving rise to this claim occurred in this judicial district.

10. An actual justiciable controversy exists between the parties as to the coverage afforded under the insurance policy issued by Lloyds.

11. Travelers has no adequate remedy at law.

## The Relevant Insurance Policies

12. Lloyds issued a liability policy to its named insured Knowlton Development Holdco, Inc. under which Acupac is an insured as a subsidiary or affiliate thereof. The policy bears policy number 1900598 (Contract No. B0180CTSBIO1900) with an effective term of April 1, 2019, to April 1, 2020.

13. Lloyds policy is subject to certain terms, conditions, and exclusions that generally provide coverage for bodily injury that takes place during the policy period and is caused by an accident.

14. Lloyds policy contains an endorsement for Additional Insureds which confers coverage to entities identified by a Certificate of Insurance with respect to liability arising out of the insured's premises or operations.

15. Specifically, it states in relevant part:

ADDITIONAL INSURED'S

It is hereby noted and agreed that various entities, which are identified by way on Insurance Certificates, are added as Additional Insured's but only in respect of liability arising out of the Insured's premises or operations.

16. A Certificate of Insurance was issued to Mahwah BP LLC pursuant to the provisions of a lease agreement between Mahwah and Acupac wherein the parties agreed that Mahwah as landlord was listed as an Additional Insured under Acupac tenant's policy.

17. Travelers issued a commercial general liability insurance policy bearing policy number 630-7K183402-TIL to Mahwah with effective dates of May 22, 2019, to May 22, 2020 (the "Travelers Policy").

18. Subject to certain terms, conditions, and exclusions, the Travelers policy generally provides coverage for bodily injury that takes place during the policy period and is caused by an accident.

19. The Travelers Policy contains excess "other insurance" provisions which provide that coverage under the Travelers policy is excess over any other coverage available to Mahwah where it has been added as an "additional insured."

## Background

### A. The Leases

20. Prior to the alleged incident in the Underlying Action, Mahwah and Acupac, landlord and tenant, respectively, entered into a lease agreement (hereinafter the "Lease") dated March 3, 2008.

21. Mahwah leased property to Acupac that was commonly known as the Mahwah Business Park (hereinafter "Business Park").

22. The leased premises consisted of two sub-areas: office and research facilities located in the west area of the Business Park and warehouse and industrial facilities in the east area.

23. The Lease defines the subject "Property" as the Business Park and the land on which it is located, and all improvements on or appurtenances to the Business Park.

24. The Lease defined Common Areas as follows:

(4) "Common Areas" means those portions of the Property and services which are generally available to any and all of the owners, tenants or users of the Property and the business invitees of such owners, tenants or users.

25. The Lease, under Article 2, addresses the use of Common Areas as follows:

Section 2.1   Use of Common Areas.  Beginning on the Commencement Date, Tenant may use the Common Areas in common with others.

26.	The lease was subsequently amended via an agreement dated November 28, 2016 (hereinafter "Amended Lease"), whereby the Mahwah and Acupac agreed to extend the lease terms through December 2025.

27.	The terms of the Amended Lease agreement required Acupac to maintain general liability insurance that named Mahwah as an "additional insured" on a primary and non-contributory basis.

28.	The terms of the lease agreement further required that Acupac defend, indemnify and hold Mahwah harmless against "all claims of whatever nature … arising from Tenant's occupancy of the premises[.]"

29.	The general liability insurance is to insure against claims for bodily injury, death or property damage "that may arise from or be occasioned by … the condition, use or occupancy of the Premises, the Common Areas[.]"

30.	The Amended Lease states in relevant part:

> **ARTICLE 9 – INSURANCE**
> <u>Section 9.1</u> <u>Tenant's Coverage</u>. (a) Commencing with the Commencement Date and throughout the Term, Tenant shall, at Tenant's cost and expense, provide and cause to be maintained:
>
> (i) commercial general liability insurance insuring against claims for bodily injury, death or property damage that **may arise from or be occasioned by (x) the condition, use or occupancy of the Premises, the Common Areas, or** (y) any act, omission or negligence of Tenant, its subtenants, or their respective contractors, licensees, agents, servants, employees, invitees or visitors; such insurance to afford minimum protection of not less than $1,000,000.00 per occurrence with a $2,000,000.00 policy aggregate on a per location basis.
>
> ….
>
> (c)  All policies of insurance required hereunder, except Workers' Compensation, shall name the Tenant as the insured, and Landlord, Landlord's managing agent, and any Fee Mortgagee pursuant to a standard first mortgagee clause as **additional insureds** or as certificate holders, subject in all respects to the terms of this Lease. …

     (f)  Each policy carried by Tenant shall be written as a **primary policy not contributing with, and not in excess of, coverage carried by Landlord** and/or Landlord's managing agent

  **B.**  **The Underlying Loss**

  31.  On or about January 31, 2020, Claimant, an employee of Acupac, fell in the parking lot when reporting to work for Acupac.

  32.  Claimant purportedly suffered an injury to her right hip, knee, and ankle.

  33.  Claimant's injury arose out of Acupac's operations on the insured premises.

  **C.**  **The Underlying Action**

  34.  Claimant filed the underlying action in Bergen County Superior Court against Mahwah and Acupac, among others.

  35.  Claimant alleges her bodily injury was caused by the negligence of both Mahwah and Acupac as well as others.

  36.  In the Underlying Action, the Claimant sought to impose liability, in part, on Acupac, on the grounds that her alleged bodily injuries arose out of the ownership, maintenance, or use of the part of the subject premises.

  37.  A non-binding arbitration was conducted on September 20, 2023.

  38.  Pursuant to the arbitrator's award, 30% liability was assigned to Claimant, an employee of Acupac.

  39.  Claimant and Mahwah reached a settlement in the amount of $100,000.

  40.  Claimant and Acupac amicably resolved their dispute, and a joint stipulation was entered on October 4, 2023.

41. Travelers defended and indemnified Mahwah in connection with the Underlying Action and has incurred defense costs and indemnity payments.

### Tenders to Lloyds

42. By correspondence dated March 24, 2022, Travelers tendered the defense and indemnity of Mahwah in connection with the Underlying Action to Acupac.

43. By correspondence dated September 14, 2023, Counsel for Acupac rejected Travelers' tender.

### Travelers' Cause of Action for Declaratory Relief Against Lloyds

44. Travelers repeats, realleges, and incorporates each and every allegation contained in paragraphs 1 through 43 above as if fully set forth herein.

45. Mahwah qualifies as an additional insured under the Lloyds' Policy for the claims asserted against it in connection to the Underlying Action.

46. Mahwah was entitled to a defense under the Lloyds' Policy issued to Acupac, as well as indemnification thereunder for any verdict or judgment rendered against Mahwah in the Underlying Action.

47. Coverage provided to Mahwah by the Lloyds' Policy with respect to the Underlying Action is primary to that provided by the Travelers Policy.

48. Lloyd's London/Acupac has refused to provide coverage to Mahwah with respect to the Underlying Action.

49. Accordingly, Travelers seeks a declaration that Lloyds had an obligation to defend and indemnify Mahwah as an additional insured under the Lloyds' Policy; that the coverages provided by the Lloyds' Policy to Mahwah are primary; and that the obligations of Travelers to

Lloyds in the Underlying Action are excess to proper exhaustion and full payment of the limits of the Lloyds' Policy.

50. In addition, Travelers seeks an award at law and in equity against Lloyds for recovery of all sums Travelers has paid in the defense of Mahwah in the Underlying Action because the coverages provided by the Lloyds' Policy are primary to any coverage provided by Travelers.

51. Travelers further seeks an award at law and in equity against Lloyds for recovery of all indemnity payments Travelers has paid in the Underlying Action on behalf of Mahwah because the coverages provided by the Lloyds' Policy are primary to any coverage provided by Travelers.

WHEREFORE, Plaintiff Travelers respectfully requests that this Court issue judgment as follows:

1. Declaring that the Lloyds' Policy was in full force and effect on the date of the alleged accident that is the subject of the Underlying Action.

2. Declaring that all terms and conditions of the Lloyds' Policy have been complied with and met.

3. Declaring that the alleged incident that is subject of the Underlying Action and the Underlying Action fall within the coverage afforded by the Lloyds' Policy.

4. Declaring that Mahwah is an additional insured under the Lloyds' Policy for the claims asserted against it in the Underlying Action.

5. Declaring that Lloyds owed a duty to defend Mahwah in connection with the Underlying Action.

6. Declaring that Lloyds had a duty to indemnify Mahwah in connection with the Underlying Action.

7. Declaring that Lloyds' coverage obligations to Mahwah in connection with the Underlying Action are primary.

8. Declaring that Travelers' coverage obligations to Mahwah are excess to those of Lloyds with respect to the Underlying Action.

9. Declaring that an actual controversy exists between Travelers and Lloyds with respect to Lloyds' duty to defend and indemnify Mahwah in connection with the Underlying Action.

10. Granting an award in favor of Travelers against Lloyds for all sums Travelers has paid in defending and indemnifying Mahwah as to the Underlying Action.

11. Granting an award in favor of Travelers for the costs of suit incurred herein.

12. Granting such other and further relief as the Court may deem just and proper.


Dated: Hartford, Connecticut
       June 6, 2024

**RESPECTFULLY SUBMITTED:**

**USERY & ASSOCIATES**


By:   /s/Tariq J. Messineo
      Tariq J. Messineo
      Attorneys for Plaintiff
      Travelers Indemnity Company
      Main: 917.778.6680
      Fax: 844.571-3789
      Email: tmessine@travelers.com

9

<u>Please address all correspondence sent by mail to:</u>
P.O. Box 2996
Hartford, CT 06104-2996

<u>Physical Address:</u>
485 Lexington Avenue, 6th Floor
New York, NY 10017